# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**WILLIAM C. SHARP,**

    **Plaintiff,**

v.                              Case No. 2:18-cv-01056

**C.O. HEART, S.C.R.J.A., and**
**DAVID FARMER,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On June 20, 2018, while incarcerated at the South Central Regional Jail in Charleston, West Virginia, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The Complaint alleges as follows:

> I was in line to get my food C.O. Heart told me to suck a dick for my food and called me a fag this happened on 5/31/18.

(ECF No. 2 at 4). The plaintiff requests that C.O. Heart be disciplined and seeks financial compensation for mental distress. (*Id.* at 5).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The plaintiff's Complaint is subject to dismissal for several reasons. First, the Complaint lists as a defendant an entity he names as "S.C.R.J.A." To the extent that the plaintiff is attempting to refer to the South Central Regional Jail ("SCRJ") or the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA"), those entities are not suable under section 1983. Rather the SCRJ is just a facility operated by the WVRJCFA, which is a state agency that is not a "person" under section 1983 and is immune from suit under the Eleventh Amendment.

Section 1983 of Title 42 of the United States Code provides in pertinent part:

Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege

3

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

In the instant matter, to the extent that the plaintiff seeks monetary damages from the SCRJ (or the WVRJCFA), the undersigned proposes that the presiding District Judge **FIND** that those entities are not persons who can be sued under 42 U.S.C. § 1983 and are further immune from liability for monetary damages under the Eleventh Amendment.

Additionally, the plaintiff names David Farmer, then Executive Director of the WVRJCFA, as a defendant. However, the Complaint contains no specific allegations concerning any conduct by defendant Farmer. Thus, it appears from the face of the Complaint that the plaintiff is attempting to hold defendant Farmer liable under a theory

of *respondeat superior*, which he cannot do.

Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* and must allege that each defendant's own individual actions violated the Constitution. *Iqbal*, 556 U.S. at 675-76; *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). (ECF No. 12 at 5).

In *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the Court held that supervisors may be liable for the actions of their subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved prior constitutional violations. Such liability is not based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." 13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). In *Shaw*, the Fourth Circuit discussed the following elements necessary to establish a supervisor's liability under 42 U.S.C. § 1983:

1)  The supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

2)  The supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and

3)  There was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injuries suffered by the plaintiff.

13 F.3d at 799. However, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court clarified that a prison official's "actual subjective awareness" of an excessive risk of harm or safety was required to hold the official liable under the Eighth Amendment. Thus, a prison official cannot be held liable for the failure to alleviate a risk that he should have

perceived, but did not in fact perceive. *Id.* at 838.

The plaintiff has not alleged that defendant Farmer had actual knowledge of the incident alleged in the Complaint or of any perceived threat to the plaintiff. The plaintiff has simply not plausibly alleged that Farmer was actually aware that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to the plaintiff. Thus, the Complaint fails to state a plausible constitutional claim against defendant David Farmer.

Nor do the plaintiff's allegations against C.O. Heart rise to the level of an actionable constitutional violation. At best, the plaintiff has alleged that C.O. Heart verbally abused him and he has not demonstrated that he suffered any actual physical harm caused by Heart. "Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983." *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009); *see also McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Burroughs v. Petrone*, 138 F. Supp.3d 182, 204-05 (N.D.N.Y. 2015) (citing cases supporting that allegations of isolated verbal sexual harassment without allegations of actual sexual abuse fail to state a cognizable claim under § 1983). Accordingly, the plaintiff's allegations against C.O. Heart fail to state a plausible Eighth Amendment claim and should be dismissed.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dictates of *Twombly* and *Iqbal*, and **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 21, 2018

Dwane L. Tinsley
United States Magistrate Judge